McKiNNEY, J.,
delivered the opinion of the Court.
This was an insolvent bill for the administration of D. McCallum’s estate, in the Chancery Court of Knox. The bill was filed prior to the October Term, 1852, of said Court; and at that term, an order was made, directing the. creditors of the estate to file their claims with the master. •
In December, 1852, Mrs. McCallum, the widow of *481 the intestate, filed her answer, in which she set up claim to a female slave, named Lucinda, and her infant child, as her separate property, derived from her father’s estate. Her claim to the slaves was resisted; and at the April Term, 1856, the Chancellor decreed against her, and declared the slaves to belong, to the estate, in which decree she acquiesced.
Afterwards, at the December Term, 1856, John Marley presented his petition, in which -he alleges, that said slaves, Lucinda, and her issue, belong to him, under and by virtue of a bill of sale for Lucinda, executed to him by D. McCallum, the intestate, on the 8th of June, 1842, w7hich was duly registered, and of which he exhibits a copy.
Marley was a resident of Knox county, and had made himself a party to this cause, as early as December, 1852, by a petition in which he claimed to be a creditor of the estate, on account of different sums of money paid for the intestate, and on other accounts.
In his last petition, he excuses himself for the delay of four years, in asserting his claim to the slaves, on the ground of the pending contest in behalf of the widow, as her claim, if sustained, was superior to his.
At the April Term, 1858, the Chancellor dismissed Marley’s petition, and ordered the slave to be sold for distribution amongst the creditors.
In this there is no error. There is nothing in the act, providing for the administration of insolvent estates, that affects the operation of the act of 1789, ch. 28, sec. 4, limiting the time within which creditors are required to “ make demand of their respective accounts, *482 debts, and claims of every kind whatever,” from the personal representative of the estate.
The petition of Marley is, in effect, a new suit; a “claim” to recover the slaves, set up, for the. first time, more than four years after the qualification of the administrator, and the filing of this bill. The “ claim” was clearly barred by the act of 1789, the bar of the act of 1715, aside.
The cause of delay in presenting the claim, alleged in the petition, is plausible, but it is of no efficacy in excluding the operation of the statute.
The decree will be affirmed.